OPINION OF THE COURT — by the
Hour. A. MONTGOMERY.
The plaintiff brought his action in the court below on a bond in the penalty of $1066 28 cents, payable to W. M. Leake, Marshal of the Mississippi district, conditioned that one Orrin C. Dow, who was then in the custody of said Leake, as Marshal, should not depart from the bounds *536 of the prison of Lawrence county. There was a demurrer to the decía» tion, which was sustained and an appeal prayed by the plaintiff.
It was contended by the plaintiff’s counsel that, 1st. this a is good statutory bond, as it substantially complies with the requisitions of the statute^ and the departure from the statute being either immaterial, or for the benefit of the obligors, they have no right to object, more especially as they entered into it voluntarily. The decisions of the United States court, and the courts of the several states, upon particular cases, have established so many exceptions to the general rule on this subject, that it is a difficult matter to determine what cases are left to be determined by the general rule, but from a careful examination of all the authorities, I am fully satisfied, courts have departed from the well settled rules of the common law with a freedom little short of legislative discretion.
The general rule in relation to all bonds taken by virtue of statutes, is, that they must substantially pursue the requisitions of the statute, or they are void; but many cases present very just grounds for a departure from this general rule, — as when it is manifest that the obligor’s liability was not increased, or that no improper motive could have influenced the departure, and no evil could possibly grow out of the rule under which the courts undertake to sustain such bonds. But when from the relative situation of the parties, the power of one party is so great over the other as to induce any suspicion that undue influence or coercion may have been resorted to, or may be subsequently resorted to, to procure such obligations, courts should be very cautious in lending their aid to sustain them. If there had been no law whatever extending to a person in custody under civil process, the right to walk out of the common jail at pleasure, upon giving security, it would have been a matter of favor Ar the marshal to grant such indulgence, and the obligors would have no reason to complain; but as the statute-gives the right, and prescribes the means of enforcing it, that means only should be resorted to; and if ministerial officers are allowed to take security to themselves under such circumstances, instead of complying with the statutes, they will have it in their power to oppress and extort from prisoners almost any conditions they may choose to demand. For these and similar reasons, courts of law have never suffered sheriffs to take >pnds or promises themselves for doing or neglecting the duties of their of- *537 See. The duties of the marshal are very similar to those of the sheriff in relation to civil process, with the exception that there is no jail provided for the use of the marshal,- but by the statutes of the United States, he is required to deliver all persons in his custody to the keepers of the State jails; after which, he has no control over them, nor is he accountable for then-safe keeping.
By our statutes, any person imprisoned under civil piocess may have the privilege of the prison bounds on giving bond and security to the plaintiff in the action, with certain conditions, which it is not necessary now to notice, as the bond in this instance is fatally defective as a statutory bond, in being made payable to the marshal.. And it cannot be sustained as a common law bond, because the privilege of the prison bounds is purely statutory, and not to be granted without a full compliance with the statute which creates it. A bond, at common law, to the sheriff, conditioned to keep within a particular district, when there was a common jail provided by the county, would be void, because it is the sheriff’s duty to keep all prisoners in the common jail when there is one in the county, and if he permit them to go elsewhere, he is liable for an escape; and an agreement to permit an escape, is in violation of his duty, and any previous promise to indemnify him for it is void. It being the duty of the marshal to keep all prisoners in the state jails, it would be a violation of his duty not to commit them, and taking a bond to indemnify him for permitting a person to remove elsewhere, is void for the same reason.
Therefore the judgment below must be affirmed.
Judges Nicholson, Smith and Huston concurred.